Michael G. Eiselein, Esq.
EISELEIN LAW FIRM, PLLC
32 Haystack Dr.
Bozeman, MT 59718
(406) 252-3461
eiselein13@gmail.com

Jon M. Moyers, Wyo. State Bar #6-3661
MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
(406) 655-4900
(406) 655-4905 (fax)
jon@jmoyerslaw.com

Kathryn Kohn Troldahl, Wyo. State Bar #8-6682
KOHN LAW, P.A.
P.O. Box 390074
Minneapolis, MN 55439
(763) 259-3686 (work)
(612) 597-3899 (cell)
(888) 519-3472 (fax)
kohnkathryn1@gmail.com

Attorneys for Plaintiffs

CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2022 JAN 13  P 4:07

FILED
BY _____
      DEPUTY

FILED
FEB 22, 2022
Clerk, U.S. District Court
District of Montana
Billings Division

### MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
### YELLOWSTONE COUNTY

| | |
|---|---|
| DONNA FRYER and BARBARA DAVISON<br><br>Plaintiffs,<br><br>vs.<br><br>UMIA, an insurance company, and CONSTELLATION, INC., a mutual insurance holding company, doing business as "Constellation®"<br><br>Defendants. | Cause No. **DV22-00027**<br><br>Hon. Michael G. Moses<br><br>*CV-22-14-BLG-SPW-TJC*<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs Donna Fryer and Barbara Davison ("Plaintiffs"), and for their claims against Defendants UMIA and Constellation, Inc. ("Defendants"), allege as follows:

Complaint and Jury Demand
Page 1

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

**Plaintiffs Fryer and Davison**

1. Plaintiff **Donna Fryer** is a 72-year-old resident of Wyoming.

2. Plaintiff **Barbara Davison** is a 72-year-old resident of Arizona.

3. Between 2009 and 2015, Plaintiffs were diagnosed with and treated for rheumatoid arthritis by Montana physician Enrico Arguelles ("Arguelles") and his clinic, The Arthritis & Osteoporosis Center of Billings ("AOC"). Both Arguelles and AOC were insured for malpractice by "medical professional liability" insurance policies written and sold in Montana by **UMIA**, which included expanded coverage for their practice.

**Defendants UMIA and Constellation**

4. **UMIA** (formerly known as Utah Medical Insurance Association) is a foreign for-profit insurance company that writes, sells, and collects premiums for "medical professional liability" insurance policies that insure Montana doctors and clinics against claims made by patients harmed by their malpractice.

5. UMIA is a reciprocal insurance corporation with a principal place of business located at 310 East 4500 South, Suite 600, Salt Lake City, Utah 84121. UMIA is authorized to transact business in Montana and regularly transacts business in Montana.

6. As an insurance company writing insurance policies for and collecting premiums from Montana doctors and clinics, **UMIA** is subject to the laws, regulations and legal duties that govern the conduct of insurance companies that choose to do business in Montana. Those laws, regulations and legal duties include those specified in the Montana Unfair Claims Settlement Practices Act (MCA 33-18-201 *et seq.*) and the common law decisions of the Montana Supreme Court.

7. **UMIA** was started in Utah in 1978. It has sold malpractice insurance policies to

Complaint and Jury Demand
Page 2

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

Montana doctors and clinics for at least 25 years.

8. On information and belief, it is alleged that **UMIA** has assets or net worth that exceed $200,000,000.

9. **Constellation, Inc.** is a foreign for-profit corporation with its principal place of business located at 7701 France Avenue South, Suite 500, Edina, Minnesota 55435. **Constellation, Inc.** is a mutual insurance holding company which, since 2013, partners with, holds and/or owns **UMIA** and regularly transacts business in Montana.

10. **Constellation, Inc.** does business as "Constellation®." Specifically, and on information and belief, Plaintiffs allege that **Constellation** sets, establishes or otherwise controls **UMIA's** Montana-specific insurance claims' adjusting policies, procedures, protocols, techniques and practices which are specifically utilized to adjust all **UMIA** claims in Montana and which were specifically utilized and applied by **UMIA**, its employees, adjusters and attorneys to adjust the claims of the Plaintiffs in the underlying malpractice cases in Montana State District Court.

11. **Constellation**, through its in-house lawyers and claims adjusters in Montana, Minnesota and Utah, exercised actual control over the adjustment of Mrs. Fryer's and Mrs. Davison's medical malpractice claims that are covered by **UMIA's** insurance policies.

12. As a result of the control exercised by **Constellation** over the insurance claims' adjusting practices utilized by **UMIA** and its employees, adjusters and attorneys, **Constellation** is directly or vicariously liable to Plaintiffs for the harms, losses and damages set forth below.

13. On information and belief, it is alleged that **Constellation** has assets or net worth approaching $1,000,000,000.

14. **Constellation's** contacts with Montana, through the setting or controlling of

Complaint and Jury Demand
Page 3

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

UMIA's Montana insurance adjusting practices, and through the exercise of actual control over the claims' adjusting of Montana cases generally.

15. This court has jurisdiction over the subject matter and parties.

16. Venue is proper.

17. This action is not barred by time or any agreement.

### Common Facts

18. On January 11, 2018, the Montana Medical Legal Panel found in favor of **Mrs. Fryer** and against Arguelles on her Montana Medical Legal Panel Claim.

19. On October 3, 2018, **Mrs. Fryer** filed a medical malpractice action against Arguelles and the AOC in the Montana Thirteenth Judicial District Court, cause number DV 18-1544. **Mrs. Fryer** alleged that Arguelles and the AOC incorrectly and negligently diagnosed her with rheumatoid arthritis and thereafter provided unnecessary treatment that caused injury. On March 19, 2019, counsel retained by Defendants acknowledged receipt of the summons and complaint on behalf of Defendants' insureds in DV 18-1544.

20. On November 15, 2018, the Montana Medical Legal Panel found in favor of **Mrs. Davison** and against Arguelles on her Montana Medical Legal Panel Claim.

21. On December 24, 2018, **Mrs. Davison** filed a medical malpractice action against Arguelles and the AOC in the Montana Thirteenth Judicial District Court, cause number DV 18-1859. **Mrs. Davison** alleged that Arguelles and the AOC incorrectly and negligently diagnosed her with rheumatoid arthritis and thereafter provided unnecessary treatment that caused injury. On March 19, 2019, counsel retained by Defendants acknowledged receipt of the summons and complaint on behalf of UMIA's insureds.

22. By reason of the Montana Medical Legal Panel findings in favor of Plaintiffs,

Complaint and Jury Demand
Page 4

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

they each were entitled, pursuant to MCA § 27-6-606(3), to move the district courts in DV 18-1544 and DV 18-1859 for Orders requiring court-supervised mediation pursuant to MCA 27-6-606(3) (MCA). Plaintiffs so moved, and those motions were granted on September 30, 2020 in Mrs. Fryer's case and on October 2, 2020 in Mrs. Davison's case.

23. These lawsuits were in addition to the lawsuit filed by Lora Smith, another patient of Arguelles and AOC who was misdiagnosed with seronegative rheumatoid arthritis.

24. From the inception of these lawsuits, the liability of Arguelles and AOC to **Mrs. Fryer** and **Mrs. Davison** for the damages, harms and losses caused by the malpractice alleged in DV 18-1544 and DV 18-1859 was reasonably clear.

25. Upon information and belief, Defendants were advised by their appointed defense counsel that liability was reasonably clear in these lawsuits and that Defendants should take immediate steps to resolve the claims to avoid bad faith.

26. On July 6, 2020 **Mrs. Fryer** amended her complaint in DV 18-1544 to include a new Count against Arguelles for "Fraud or Constructive Fraud."

27. On July 6, 2020 **Mrs. Davison** amended her complaint in DV 18-1859 to include a new Count against Arguelles for "Fraud or Constructive Fraud."

28. Notwithstanding these amendments to the pleadings, the medical malpractice liability of UMIA's insureds to Plaintiffs remained reasonably clear.

29. From the beginning of the lawsuits filed in DV 18-1544 and DV 18-1859, Arguelles and AOC desired a prompt, fair and reasonable settlement of Plaintiffs' claims.

30. From the beginning of the lawsuits, Arguelles represented that if Plaintiffs would postpone the assertion of their rights to require Arguelles and the AOC to Answer the Complaints in DV 18-1544 and DV 18-1859 and if they would suspend their efforts to schedule

Complaint and Jury Demand
Page 5

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

and depose Arguelles under oath, then, Arguelles, AOC and Defendants would make reasonable, prompt, fair, and good faith efforts to settle Plaintiffs' claims including good faith participation in any court-ordered settled conferences.

31. Those representations were made without any intention on the part of Defendants or its claims management personnel or other agents or employees of fulfilling them, even during three court-ordered settlement conferences of the Plaintiffs' malpractice claims held between September of 2020 and January of 2021.

32. Plaintiffs and Arguelles and AOC accepted the recommendations of District Court Judge Michael G. Moses – who was agreed upon by the parties and appointed by the District Court as the settlement master in each pending case under the Local Court Rules – for global resolution for amounts within the policy limits, but Defendants refused global resolution on the terms recommended by Judge Moses.

**Count One**
**Violation of the Montana Unfair Claims Settlement Practices Act.**

33. Plaintiffs restate all preceding allegations and further allege as follows:

34. Montana statutory law prohibits insurers from engaging in unfair claims settlement practices.

35. Unfair claims settlement practices harm insureds, claimants, third party claimants and the public interests by inciting, multiplying and unnecessarily prolonging litigation resulting in the wasted expenditure of resources of Montana's court system.

36. Montana Code Annotated §33-18-201, MCA, specifically prohibits the following unfair claim settlement practices:

    a. refusing to pay claims without conducting a reasonable investigation based upon all available information;

Complaint and Jury Demand
Page 6

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

    b.    failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

    c.    neglecting to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

37.    For at least two years, Defendants, its adjusters, claims representatives, and/or its attorneys, engaged in each of the above-described prohibited and illegal claims adjustment/claims settlement practices on multiple occasions.

38.    On information and belief, it is alleged that **Constellation** exercised control through the setting or establishment by Defendants' claims' settlement/claims adjusting practices that were utilized by **UMIA** and its employees, adjusters and attorneys throughout the adjusting of the underlying claims of the Plaintiffs.

39.    As a result of the exercise of this control, **Constellation** is directly, or vicariously and jointly or severally liable with **UMIA** for the harms, losses and damages, including punitive damages, claimed by Plaintiffs herein.

40.    Other ways that Defendants violated the provisions of the Montana Unfair Claims Settlement Practices Act include:

    a.    Defendants failed to consider whether, by reason of the severity of Plaintiffs' injuries caused by the malpractice of Defendants' insureds, verdict against the insureds was likely to exceed the $1,000,000 per claimant limits of liability under Defendants' policies;

    b.    Defendants failed to consider that the facts in the case indicated a defense verdict on liability was doubtful;

    c.    Defendants failed to consider that it could not find (a) credible expert(s) to testify in defense of the liability cases in DV 18-1544 and DV 18-1859;

    d.    On information and belief, it is alleged that Defendants failed to give due regard to the recommendations of its trial counsel, including demands made on behalf of Defendants' insureds, that Defendants settle all claims within the $1,000,000 limits of the policy and pay the reasonable demands made by Plaintiffs to settle their malpractice cases;

Complaint and Jury Demand
Page 7

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

e.  Defendants failed to give due regard to offers of contribution made by its own insured;

41. Upon information and belief, Defendants used Plaintiffs' advancing age and co-morbidities (most of which were caused by Defendants' insured's medical malpractice); made false or misleading statements and representations intentionally designed to mislead and prejudice Plaintiffs, and employed other illegal claims settlement tactics which were intended to delay for as long as possible Plaintiffs' day in court and to strong arm the cheapest possible payout to the Plaintiffs, all while acting in willful disregard of the interests of its own insureds and the high likelihood of serious injury to the Plaintiffs herein.

42. Montana Code Annotated §33-18-242, MCA, authorizes this independent cause of action for damages, including punitive damages, for violations of the above-described, prohibited claims adjustment/claims settlement practices.

43. In its dealing with Plaintiffs in the course of the adjustment of their claims, Defendants breached their duties under the Montana Unfair Claims Settlement Practices Act by conducting an unreasonable investigation; by failing to effect prompt, reasonable and equitable settlements of Plaintiffs' malpractice claims in which liability was reasonably clear; by failing to participate in good faith in at least three court-ordered settlement conferences and by leveraging delay, disappointment and the Plaintiffs' age and medical conditions to force unfair and inequitable "cost of defense" settlements of Plaintiffs' malpractice claims against **UMIA's** insureds.

44. On April 6, 2021, **Mrs. Fryer** settled and released the claims set forth in DV 18-1544 against the defendant insureds Arguelles and AOC, but expressly reserved these claims against Defendants.

45. On February 26, 2021, **Mrs. Davison** settled and released the claims set forth

Complaint and Jury Demand
Page 8

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

in DV 18-1559 against the defendant insureds Arguelles and AOC, but expressly reserved these claims against Defendants.

### Count Two
### Abuse of Legal Process

46. Plaintiffs restate all previous allegations and further allege as follows:

47. Defendants used the court-ordered mediations for a purpose ulterior to the intended purposes of such mediations. Specifically, UMIA used the district court mediation process, not to attempt in good faith to resolve the Plaintiffs' claims, but to delay, disappoint and demoralize Plaintiffs by once again refusing to meet its statutory obligations, all in order to induce the most economically advantageous result for UMIA.

48. On December 7, 2020, 2 years after Mrs. Fryer's and Mrs. Davison's state court malpractice actions were commenced and many months after the Summons and Complaint were served upon Defendants' insureds, **UMIA** sued Plaintiffs in the Montana Federal District Court, Billings Division in a declaratory judgment action, cause number CV 177-SPW-TJC, which sought, among other things to avoid the payment of any money to the Plaintiffs in settlement of their state court malpractice claims.

49. The timing of the filing of the federal lawsuit against Plaintiffs, together with other evidence of Defendants delaying and deceitful tactics in the adjustment and defense of Plaintiffs' malpractice claims, is evidence sufficient to permit a reasonable jury to infer that UMIA had an ulterior purpose for filing the federal lawsuit.

50. Plaintiffs allege that Defendants' ulterior purpose was to compel them to accept less than fair and equitable settlements of their malpractice claims.

51. Defendant's abuse of legal process has caused damage to Plaintiffs.

Complaint and Jury Demand
Page 9

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

## DAMAGES

52. For more than two years, Defendants continually violated their statutory duties under the Montana Unfair Claims Settlement Practices Act as described in Count One and abused the legal process as described in Count Two. In acting as they did, Defendants caused injuries to Plaintiffs, including mental and emotional distress, anxiety, anger, frustration, humiliation, loss of use of funds and other economic and non-economic damages.

53. The actions of Defendants were actually fraudulent or malicious as those terms are defined in Montana's punitive damages statute, § 27-1-221, MCA, thus entitling Plaintiffs to punitive damages in accordance with the factors set forth in § 27-1-221(7)(b), MCA, and in an amount sufficient to punish defendants and to deter others from such conduct.

54. WHEREFORE, Plaintiffs pray as follows:

a. For judgment against Defendants in an amount to be set forth prior to trial for all of the general, special and compensatory damages suffered by Plaintiffs;

b. For an award of punitive damages against each defendant;

c. For Plaintiffs' costs of suit; and,

d. For such other and further relief as the court deems just and appropriate in the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Dated this 13th day of January, 2022.

Michael G. Eiselein, Esq.
EISELEIN LAW FIRM, PLLC
32 Haystack Dr.
Bozeman, MT 59718
Telephone: (406) 252-3461
eiselein13@gmail.com

Complaint and Jury Demand
Page 10

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax

| | |
|---|---|
| 1 | Jon M. Moyers, Esq. |
| 2 | MOYERS LAW, P.C.<br>3936 Avenue B, Suite D |
| 3 | Billings, MT 59102<br>(406) 698-6678 |
| 4 | (406) 655-4905 fax<br>jon@jmoyerslaw.com |
| 5 | Kathryn Kohn Troldahl, Esq. |
| 6 | KOHN LAW, P.A.<br>P.O. Box 390074 |
| 7 | Minneapolis, MN 55439<br>(763) 259-3686 |
| 8 | (888) 519-3472 fax<br>kohnkathryn1@gmail.com |
| 9 | Attorneys for Plaintiffs |

Complaint and Jury Demand
Page 11

MOYERS LAW P.C.
3936 Avenue B, Suite D
Billings, Montana 59102
406-655-4900
406-655-4905 fax