IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONNA FRYER, BARBARA DAVISON,<br><br>      Plaintiffs,<br><br> vs.<br><br>UMIA, an insurance company, CONSTELLATION, INC., a mutual insurance holding company doing business as "Constellation®",<br><br>      Defendants. | CV 22-14-BLG-SPW-TJC<br><br>**ORDER** |

Before the Court is Defendants' Motion to Compel. (Doc. 38.) The Court held a motion hearing on February 28, 2024. For the following reasons, the motion is **DENIED**.

I. BACKGROUND

This action arises out of medical malpractice actions brought by Plaintiffs against Montana physician, Enrico Arguelles ("Arguelles"), and his clinic, the Arthritis & Osteoporosis Center of Billings ("AOC"). Defendants here were insurers for Arguelles and AOC. Following resolution of the medical malpractice actions, Plaintiffs brought this action against Defendants alleging, among other claims, that Defendants violated the Montana Unfair Claims Settlement Practices Act, Mont. Code Ann. § 33-18-201 ("MUTPA") in the course of the underlying

1

litigations.  Specifically, Plaintiffs allege Defendants failed to effect prompt, reasonable and equitable settlements of Plaintiffs' malpractice claims when liability was reasonably clear.  (Doc. 8.)

During discovery in this case, Defendants served requests for production on Plaintiffs, which included a request for "[a]ny and all documents and/or communications exchanged between You and Your Underlying Counsel in connection with the Underlying Claim."  (Doc. 39-1 at 42, 71.)  Plaintiffs objected to the request on grounds of attorney client privilege.  (*Id.*)  Ultimately, the parties reached an impasse, resulting in Defendants filing the instant motion to compel.  (Doc. 38.)

Through subsequent meet and confer efforts, the parties were able to distill their dispute into the following four categories of documents:

> (1) documents relative to any delay in providing materials to the insurer for evaluation;
>
> (2) documents relative to any alleged fraud or violation of law by Arguelles or AOC which may have been excluded from UMIA's coverage;
>
> (3) documents relative to the evaluation of the underlying claim by Plaintiffs and their counsel; and
>
> (4) disclosure of any expert reports or analysis Plaintiffs may have obtained regarding the issues of the standard of care, causation, and damages.
>
> (Docs. 59, 60.)

2

Defendants argue that Plaintiffs' claims have placed at issue all of the documents in the foregoing categories. Plaintiffs respond that all of the requested documents are protected by attorney-client privilege and/or the work product doctrine.

## II.  ANALYSIS

"The purpose of the attorney-client privilege 'is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interest in the observance of law and administration of justice.'" *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 294 (D. Mont. 1998), *citing Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Where, as here, jurisdiction is based on diversity of citizenship, the scope of the attorney client privilege is determined by state law. *Id.* Montana law provides that:

> (1) An attorney cannot, without the consent of the client, be examined as to any communication made by the client to the attorney or the advice given to the client in the course of professional employment.
>
> (2) A client cannot, except voluntarily, be examined as to any communication made by the client to the client's attorney or the advice given to the client by the attorney in the course of the attorney's professional employment.

Mont. Code Ann. § 26-1-803.

The attorney-client privilege "may be waived if a party 'injects into . . . litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct.'" *Dion*, 185 F. R.D. at

3

294 (quoting *Thornton v. Syracuse Savings Bank*, 961 F.2d 1042, 1046 (2d Cir. 1992)).  In a bad faith insurance action, for example, the attorney-client privilege can be waived if a party names its attorneys as witnesses or injects into the litigation an issue that requires testimony from its attorneys.  *High Country Paving, Inc. v. United Fire & Cas. Co.*, 414 F.Supp.3d 1299, 1305-06 (D. Mont. 2019).

The work product doctrine protects from disclosure materials prepared in anticipation of litigation and the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation at hand.  *Dion*, 185 F.R.D. at 292.  Work product protection "is not absolute and materials may be discoverable if the opposing party can establish a substantial need for the information and undue hardship in obtaining it by other means."  *High Country*, 414 F.Supp.3d at 1302.  Mental impression work product is subject to additional protection.  *Id.*  To be discoverable, the requesting party must show that the "mental impressions are directly at issue in a case and the need for the material is compelling."  *Id.*

In the present case, the Court finds that there has been no waiver of the attorney-client privilege or work product protection.  Plaintiffs have not designated any of their attorneys as expert witnesses.  Plaintiffs also represented at the hearing that their attorneys will not testify or be called as witnesses.

Further, the Court finds evidence of Plaintiffs' evaluation of their cases, their expert evaluations, and any evidence Plaintiffs possessed regarding fraud, are not relevant to the issues in this action. The essence of a claim under the MUTPA, "is that an insurer, given information available to it, has acted unreasonably in adjusting a claim, perhaps by failing to investigate, failing to communicate or failing to negotiate in good faith." *Peterson v. Doctors' Co.*, 170 P.3d 459,467 (Mont. 2007). Here, as in *Peterson*, "the relevant issue is almost universally *how the insurer acted* given the information available to it." *Id.* ( emphasis in original). As a result, the Montana Supreme Court found that in most cases "the claimant's attorney's file from the underlying claim is generally undiscoverable[.]" *Id.*

Nevertheless, the *Peterson* Court declined to adopt a rule "that an attorney's file from an underlying case is per se undiscoverable in a subsequent MUTPA case." *Id.* The Court acknowledged that it was possible that a claimant's conduct may be relevant in a later MUTPA case where, *e.g.*, the claimant's actions delayed or impaired the ability of the insurer to settle. *Id.*

Here, Defendants argue they are entitled to production of any attorney-client communications that show delay by Plaintiffs in providing information to Defendants in order to assess whether any such delay was part of a strategic plan by Plaintiffs. Therefore, out of an abundance of caution, the Court required Plaintiffs to submit all documents relative to delay, listed on pages 3-4 of UMIA's

Supplemental Brief in Support of Motion to Compel, for in camera review. Plaintiffs have now done so. (Doc. 67.)

The Court has reviewed the documents and finds that none should be ordered produced. None of the documents are relevant to any theory that Plaintiffs delayed responding to Defendants' requests for information to further a calculated plan to gain advantage either in the underlying action or in this case. That issue aside, Defendants are fully informed of what information they requested from Plaintiffs and when the information was requested, and when and how plaintiffs responded to those requests.

## III.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Compel (Doc. 38) shall be **DENIED**.

DATED this 26th day of March, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge