IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DONNA FRYER and BARBARA DAVISON,<br><br>                    Plaintiffs,<br><br>vs.<br><br>UMIA, an insurance company, and CONSTELLATION, INC., a mutual insurance holding company, doing business as "Constellation®",<br><br>                    Defendant. | CV 22-14-BLG-SPW<br><br><br>ORDER ON PLAINTIFFS' MOTION IN LIMINE RE: MEDIATION BROCHURES AND MEDIATOR EVALUATIONS |

Before the Court is Donna Fryer's and Barbara Davison's ("Plaintiffs") Motion in Limine Re: Mediation Brochures and Mediator Valuations. (Docs. 98, 99). UMIA and Constellation, Inc. (collectively "UMIA") oppose Plaintiffs' Motion. (Doc. 101). For the following reasons, the Court grants in part and denies in part the Motion.

I.      **Background**

The facts of this case are laid out in detail in the Findings and Recommendations on the parties' motions for summary judgment filed by U.S. Magistrate Judge Timothy Cavan on January 17, 2025 and adopted by the Court on March 3, 2025. (Docs. 121, 129). The Court will adopt those facts and restate only the relevant facts here.

1

Fryer filed a medical malpractice suit against Dr. Arguelles and the Arthritis and Osteoporosis Center ("AOC") in Montana State District Court on October 3, 2018. (Doc. 74-1 at 416–26). Davison filed a medical malpractice suit against Dr. Arguelles and the AOC in Montana State District Court on December 24, 2018. (*Id.* at 493–503). In January 2021, Montana State District Judge Michael Moses mediated the Plaintiffs' claims with UMIA and Dr. Arguelles. (Doc. 99 at 3). The parties submitted mediation brochures to Judge Moses in anticipation of the mediation. (*See e.g.*, Doc. 74-1 at 1204–19). After each mediation session, Judge Moses mailed his mediator number to Fryer and Davison, respectively. (*Id.* at 1222–23, 1231–32).

On April 6, 2021, Fryer settled her claims against Dr. Arguelles for $480,000. (*Id.* at 1224–30). UMIA paid $250,000 and Dr. Arguelles paid $230,000 of Fryer's settlement. (*Id.* at 1228). On February 26, 2021, Davison settled her claims against Dr. Arguelles for $375,000. (*Id.* at 1233–36). UMIA paid $250,000 and Dr. Arguelles paid $125,000 of Davison's settlement. (*Id.* at 54).

Pertinent here, UMIA filed an action on December 7, 2020 against Dr. Arguelles and the AOC seeking declaratory judgment (the "Declaratory Judgment Action") in relation to claims brought by Fryer, Davison, Brooklyn T. Black, and

Julie and Steve Lortz against Dr. Arguelles.[1] *UMIA Insurance, Inc. v. Arguelles*, No. 1:20-cv-177-BLG (D. Mont. filed Dec. 7, 2020) (Doc. 1). The Declaratory Judgment Action is currently assigned to Judge Cavan.

On January 13, 2022, Davison and Fryer sued UMIA for violation of the Montana Unfair Trade Practices Act ("UTPA")[2] in Montana State District Court for its handling of the medical malpractice claims. (Doc. 1-4). UMIA removed the action to this Court based on diversity of citizenship. (Doc. 1). The Plaintiffs filed the instant motion prior to the Court's ruling on summary judgment seeking to exclude evidence related to the mediations with Judge Moses.

## II.   Legal Standard

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. *Agan v. BNSF Ry. Co.*, CV 19-83-BLG, 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022). The Court shall exclude evidence in limine only if the evidence is inadmissible on all potential grounds. *Id.* Unless evidence meets this high standard, the Court shall defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context. *Id.* A motion in limine "should not be used to resolve factual

---

[1] Since the filing of the action, Defendants Fryer, Black, Smith, Davison, and Lortz have been dismissed pursuant to settlements. *See UMIA Insurance*, No. 1:20-cv-177-BLG (Docs. 13, 14, 25, 26, 52, 52-1, 60, 61).
[2] Initially, Plaintiffs also asserted a claim for abuse of process against UMIA but have voluntarily dismissed the claim. (Doc. 27).

disputes or weigh evidence." *BNSF Ry. Co. v. Quad City Testing Lab'y, Inc.*, CV-07-170-BLG, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010).

The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Rulings on motions in limine are provisional, and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

## III.  Discussion

Plaintiffs first seek to exclude the mediation brochures submitted to Judge Moses in anticipation of the mediations as well as Judge Moses's evaluations and recommendations made at the mediations. (Doc. 98 at 2). Second, Plaintiffs seek to exclude any suggestion or inference to Judge Moses's evaluations or recommendations. (*Id.*). The parties raise additional evidentiary concerns throughout their briefing, however, the Court will only address the evidence Plaintiffs seek to exclude pursuant to their Motion.

### A.  *Mediation Brochures and Judge Moses's Evaluations and Recommendations*

First, Plaintiffs argue that the mediation brochures and Judge Moses's recommendations are inadmissible under local, state, and federal law as confidential and otherwise privileged settlement information. (Doc. 99 at 4–8 (citing Montana

Thirteenth Judicial District Court's Local Rule 29; Mont. Code Ann. § 26-1-813; Fed. R. Evid. 408)).

UMIA opposes Plaintiffs' Motion for four reasons. First, UMIA contends that Plaintiffs waived protections when they produced mediation documents during discovery without objection. (Doc. 101 at 3). Second, UMIA alleges that Plaintiffs expressly waived protection of mediation documents because of a statement made by Dr. Arguelles' personal counsel in the Declaratory Judgment Action. (*Id.* at 3–4); *see UMIA Insurance*, No. 1:20-cv-177-BLG (Doc. 93). Dr. Arguelles' personal counsel stated in an affidavit that Fryer and Davison "waive all privileges and protections" to "the underlying mediations at issue involving Judge Michael Moses and related communications." (*Id.* at 4). Third, UMIA contends that the mediation documents are admissible because Judge Cavan decided in the Declaratory Judgment Action that UMIA must respond to requests for admissions related to the mediations. (*Id.*); *see UMIA Insurance*, No. 1:20-cv-177-BLG (Doc. 102). Fourth, UMIA argues that Plaintiffs' counsel, Michael Eiselein, testified in a deposition about the mediations without objection. (Doc. 101 at 14–15). UMIA concludes that Eiselein's deposition testimony is admissible because it was made after the mediations, and he waived privilege by discussing the mediations without objection. (*Id.*).

As an initial matter, the Court will not consider Judge Cavan's decisions in the Declaratory Judgment Action as it relates to Plaintiffs' Motion for two reasons. First, Judge Cavan addressed an issue of discovery preclusion, not evidence preclusion at trial. *UMIA Insurance*, No. 1:20-cv-177-BLG (Doc. 102). In the Declaratory Judgment Action, UMIA sought a protective order to prevent answering Dr. Arguelles' requests for admissions related to confidential mediations. However, Judge Cavan found confidentiality would not be violated if UMIA answered the requests because UMIA and Dr. Arguelles were parties to the same mediation. Therefore, Judge Cavan ordered UMIA to answer the requests for admissions. *Id.* Here, Plaintiffs' request to exclude mediation documents at trial is not the same as requiring UMIA to answer requests for admissions in discovery.

Second, Judge Cavan denied UMIA's motion to consolidate this case with the Declaratory Judgment Action despite the factual similarities. (Doc. 122). He stated that "each case presents different legal theories" and "there is a substantial risk that consolidation of the claims will lead to undue prejudice." (*Id.* at 3–4). Specifically, he stated "Fryer and Davison may well seek to introduce evidence relative to their underlying claims against [Dr.] Arguelles that may be admissible in their action against UMIA, but highly prejudicial to Arguelles in his case against UMIA." (*Id.* at 4). The Court agrees with Judge Cavan.

6

Accordingly, the Court will not rely on Judge Cavan's findings in the Declaratory Judgment Action and will not consider UMIA's arguments which rely on Judge Cavan's findings in the separate action. As for the parties remaining arguments, the Court will determine whether the mediation brochures and Judge Moses's evaluations and recommendations should be inadmissible at trial due to their confidential and privileged nature.

In general, common law governs a claim of privilege unless governed by the U.S. Constitution, a federal statute, or rules prescribed by the Supreme Court. Fed. R. Evid. 501. "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* State law will apply in diversity cases, unless a claim or defense is based upon federal law. *Id.* (advisory committee notes). Here, state law applies to privileged material because the parties are diverse and have brought claims solely under Montana law.

Under Montana law, a mediation is a "private, confidential, informal dispute resolution process in which an impartial and neutral third person, the mediator, assists disputing parties to resolve their differences." Mont. Code Ann. § 26-1-813(1) (2023). "[A]ll mediation-related communications, verbal or written, between the parties or from the parties to the mediator and any information and evidence presented to the mediator during the proceedings are confidential." § 26-1-813(3). The mediator's report and the information or recommendations contained

7

in it, except for a signed, written agreement, are not admissible as evidence in any subsequent action and are not subject to discovery unless all parties waive the rights to confidentiality and privilege. *Id.* Parties may waive confidentiality rights through a written waiver made by all the parties and the mediator. § 26-1-813(5)(b). Parties to the mediation and a mediator are not subject to a court's subpoena and may not be examined in any action as to communication made during the mediation without the consent of the parties to the mediation and the mediator. § 26-1-813(4).

Here, the statute is clear regarding the specific evidence at issue. First, the mediator's report is confidential and inadmissible at trial unless the parties waive privilege. Because there was no written waiver by the parties and Judge Moses, no confidentiality was waived when it was produced in discovery. Thus, Judge Moses's reports, including his numbers report, are inadmissible at trial.

Additionally, mediation-related communications from the parties to the mediator are confidential unless the parties waive privilege. UMIA argues that the mediation brochures are not protected by statute because they were not provided to Judge Moses during the mediation. (Doc. 101 at 12). UMIA cites two cases where the Montana Supreme Court admitted evidence made after the mediation proceedings. *See Kluver v. PPL Montana LLC*, 293 P.3d 817 (Mont. 2012); *In re Estate of Stuckey*, 100 P.3d 114 (Mont. 2004). This is not the case here. The parties created the mediation brochures in preparation for mediation which were then

provided to Judge Moses.  Therefore, the mediation brochures are protected by statute. Mont. Code Ann. § 26-1-813(3) (All mediation-related communications from the parties to the mediator are confidential.).  Because there was no written waiver by the parties and Judge Moses, no confidentiality was waived even when the documents were produced in discovery.  Thus, the mediation brochures are inadmissible at trial.

    B.    *Suggestions or Inferences Related to Judge Moses's Evaluations and Recommendations*

Second, Plaintiffs seek to exclude any suggestion or inference to Judge Moses's evaluations or recommendations.  (Doc. 98 at 2).  The Court finds that Plaintiffs' request is too broad to make a ruling at this time.

Motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible. *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010).  "Orders in limine which exclude broad categories of evidence should rarely be employed.  A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Excluding any "suggestion" or "inference" to Judge Moses's evaluations or recommendations is overly broad and fails to identify specific evidence at issue.  For these reasons, the Court denies Plaintiffs' Motion as to this request and will address

any questions of admissibility related to Judge Moses's evaluations and recommendations as they arise.

## IV.   Conclusion

IT IS ORDERED that Plaintiffs' Motion in Limine (Doc. 98) is GRANTED in part and DENIED in part.

DATED this ____ day of March, 2025.

SUSAN P. WATTERS
United States District Judge